UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-8275-WM

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

JUAN FLORES-HERNANDEZ,
a/k/a, "Gustavo Estanez Gomez,"

                Defendant.
_____/

FILED BY ____SW____ D.C.
May 26, 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Miami Office of the United States Attorney's Office prior to July 20, 2008?

    Yes      X **No**

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office (West Palm Beach Office) only prior to December 18, 2011?

    Yes      X **No**

3. Did this matter originate from a matter pending in the Fort Pierce Office of the United States Attorney's Office prior to August 8, 2014?

    Yes      X **No**

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY: _____
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY
Admin. No. A5500228
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
Office:   (561) 820-8711
John.mcmillan@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| | ) Case No. 23-8275-WM |
| JUAN FLORES-HERNANDEZ, | ) |
| a/k/a "Gustavo Estanez Gomez," | ) |
| | ) |
| *Defendant(s)* | |

FILED BY _____SW_____ D.C.

May 26, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____May 22, 2023_____ in the county of _____Palm Beach_____ in the _____Southern_____ District of _____Florida_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 USC §§ 1326(a) & 1326(b)(1) | Re-entry After Deportation (Prior Felon) |
| 18 USC §§ 1028(a)(4) & 1028(b)(2) | Possession of a False Identification Document With the Intent to Use to Defraud the United State |

This criminal complaint is based on these facts:

Please see attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Christopher Delbaugh, Deportation Officer, ICE
*Printed name and title*

Subscribed and sworn to before me in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (Facetime).

Date: May 26, 2023

_____
*Judge's signature*

City and state: West Palm Beach, Florida          Hon. William Matthewman, U.S. Magistrate Judge

Certified to be a true and correct copy of the document on file
Angela E. Noble, Clerk,
U.S. District Court
Southern District of Florida
By _____Shanda Walker_____
Deputy Clerk
Date May 26, 2023

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
### Case No. 23-8275-WM

I, Christopher Delbaugh, being duly sworn, do solemnly swear and state that:

1. I am a Deportation Officer of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE), and have been employed in a similar capacity since 2015. I am currently assigned to Enforcement and Removal Operations, Fugitive Operations Team, Stuart, Florida. As a Deportation Officer with ICE, my duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature. Previously, from September 2007 to September 2015, I was an Immigration Enforcement Agent with ICE. As an Immigration Enforcement Agent my duties and responsibilities also included enforcing criminal and administrative immigration laws of the United States.

2. As part of my training as a Deportation Officer, I attended the United States Immigration and Customs Enforcement Academy, at the Federal Law Enforcement Training Center, in Glynco, GA. In addition, I received specialized training regarding the investigation and enforcement of United States immigration laws. In my capacity as a Deportation Officer, I am charged with enforcing federal administrative and criminal laws under Titles 8, 18, and 19 of the United States Code. Further, as a federal law enforcement officer, I have the authority to conduct investigations, make arrests, execute search warrants, and take sworn statements.

3. This affidavit is based upon my own knowledge, as well as information provided to me by other law enforcement officers. The information set forth in this affidavit is not intended to detail all facts and circumstance of the investigation known by me or other law enforcement personnel. Rather, this affidavit serves solely to establish that there is probable cause to believe that Juan FLORES-HERNANDEZ (FLORES-HERNANDEZ) committed the offenses of:

- Being a previously removed convicted felon alien found in the United States, in violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(1).
- Knowingly possesses an identification document (other than one issued lawfully for the use of the possessor), authentication feature, or a false identification document, with the intent such document or feature be used to defraud the United States, in violation of Title 18, United States Code, Section 1028(a)(4).

## PROBABLE CAUSE

4. On February 17, 2023, the Stuart, FL ICE Fugitive Operations was assigned a case to arrest FLORES-HERNANDEZ, a known/admitted criminal gang member and alien who illegally re-entered the United States after deportation. FLORES-HERNANDEZ was suspected of residing with his wife at 5734 Lincoln Cir, Lake Worth, Palm Beach County, Southern District of Florida. Upon receiving the case, your affiant conducted records checks to determine FLORES-HERNANDEZ's status and location in the United States.

5. I reviewed documents from the immigration alien file belonging to FLORES-HERNANDEZ, AXXX XXX 239. A review of Department of Homeland Security electronic records and the immigration alien file assigned to FLORES-HERNANDEZ establish that he is a native and citizen of Mexico.

6. Florida criminal history records establish that on August 1, 2018, FLORES-HERNANDEZ pleaded guilty in Palm Beach County (Florida) Circuit Court, in Case No. 2018CF004993AMB, to the offense of Possession of Cocaine in violation of Florida Statute 893.13(6)(a), a Third Degree Felony under Florida law. Adjudication was withheld, but FLORES-HERNANDEZ was sentenced to 1 day in the Palm Beach County Jail and 18 months' probation

with the Florida Department of Corrections.[1] Currently, FLORES-HERNANDEZ has an outstanding warrant of arrest with the state for probation violation in reference to this conviction.

7. Records further show that on or about September 24, 2018, FLORES-HERNANDEZ was ordered removed from the United States by an Immigration Judge in Miami, Florida. Records in the alien file show that on or about October 4, 2018, FLORES-HERNANDEZ was removed from the United States to Mexico.

8. A record check through the Department of Homeland Security CLAIMS database failed to locate any evidence indicating that FLORES-HERNANDEZ had applied for or received permission from the appropriate government officials to lawfully reenter the United States.

9. On May 22, 2023, officers from the ICE Fugitive Operations Team were conducting surveillance on FLORES-HERNANDEZ suspected residence located at 5734 Lincoln Cir, Lake Worth, Florida, for a planned at-large arrest. During surveillance, ICE officers identified a 2012 silver Ford Expedition registered to FLORES-HERNANDEZ's spouse, CF, running and parked in the driveway of FLORES-HERNANDEZ's residence. At approximately 5:40 a.m., ICE Officers observed the suspect vehicle leave the area of the residence with a Hispanic male passenger matching the physical description of FLORES-HERNANDEZ in the front seat of the vehicle. ICE Officers conducted a vehicle stop on Lantana Road, West of Haverhill Road, an area I know to be located in Palm Beach County and the Southern District of Florida.

---

[1] Your affiant notes in regards to this case and the application of Title 8, United States Code, Section 1326(b)(1), that Title 8, United States Code, Section 1101(a)(48)(A) provides that: "[t]he term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where-- (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

3

10. Upon stopping the vehicle, ICE Officers observed four Hispanic males occupying the vehicle. The front seat passenger of the vehicle identified himself as "Gustavo Estanez Gomez," who visually matched the description and picture of FLORES-HERNANDEZ. ICE Officers questioned FLORES-HERNANDEZ as to his identity and requested that he exit the vehicle, at which point he locked the vehicle doors. ICE Officers repeatedly requested FLORES-HERNANDEZ to step out of the vehicle, which requests were refused by FLORES-HERNANDEZ. After locking the vehicle doors, FLORES-HERNANDEZ provided ICE Officers with a fraudulent Washington States driver's license through the window identifying him as "Gustavo Estanez Gomez" and stated that he is resident in the United States. The identification card had a picture of FLORES-HERNANDEZ with fictitious identifying information.

11. The ICE Officer talking with FLORES-HERNANDEZ stepped to the driver side vehicle to ascertain the passenger's identity with the vehicle driver, Jose FLORES, FLORES-HERNANDEZ's brother. During questioning, Jose FLORES refused to cooperate and identify the passenger. While questioning Jose FLORES, FLORES-HERNANDEZ exited the vehicle and fled from officers into a nearby park. ICE Officers were unable to apprehend FLORES-HERNANDEZ and he is currently at large.

12. Based on the foregoing, your affiant respectfully submits that there is probable cause to believe that Juan FLORES-HERNANDEZ committed the following offenses:

- Being a previously removed convicted felon alien found in the United States, in violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(1).
- Knowingly possessing an identification document (other than one issued lawfully for the use of the possessor), authentication feature, or a false identification document, with the intent such

4

document or feature be used to defraud the United States, in violation of Title 18, United States Code, Section 1028(a)(4).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
CHRISTOPHER DELBAUGH
DEPORTATION OFFICER
IMMIGRATION AND CUSTOMS ENFORCEMENT

SWORN AND ATTESTED TO ME BY
APPLICANT VIA TELEPHONE (FACETIME)
PURSUANT TO FED. R. CRIM. P. 4(d) AND 4.1
THIS 26th DAY OF MAY, 2023.

_____
HON. WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

Certified to be a true and correct copy of the document on file
Angela E. Noble, Clerk,
U.S. District Court
Southern District of Florida
By _Shanda Walker_ Deputy Clerk
Date **May 26, 2023**

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:  Juan FLORES-HERANDEZ, a/k/a "Gustavo Estanez Gomez"

**Case No**:  23-8275-WM

**Count # 1**
**Reentry After Deportation (Prior Felon)**
**Title 8, United States Code, Sections 1326(a) and 1326(b)(1)**
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** not applicable
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000.00
* **Special Assessment**: $100.00

**Count # 2**
**Possession of a False Identification Document with the Intent to Use to Defraud the United States**
**Title 18, United States Code, Section 1028(a)(4) and 1028(b)(2)**
* **Max. Term of Imprisonment:** Five (5) years
* **Mandatory Min. Term of Imprisonment (if applicable):** not applicable
* **Max. Supervised Release:** Three (3) years
* **Max. Fine:** $250,000.00
* **Special Assessment**: $100.00